IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00188-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ENRIQUE GOROSTIETA-GOROSTIETA,
    a/k/a Enrique Ernesto Gorostieta,
    a/k/a Enrique Gorostieta,
    a/k/a Pedro Hernandez,

        Defendant.

## RESPONSE TO THE DEFENDANT'S SENTENCING STATEMENT

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Albert Buchman, Assistant United States Attorney, respectfully submits this Response to the defendant Enrique Gorostieta-Gorostieta's "Defense Sentencing Statement." ECF 24. Here, the government joins the defendant's recommendation of 33-months' imprisonment but on different grounds. The government joins the United States Probation Office's recommendation of three years' supervised release. *See* ECF 25, p. R-1. The 18 U.S.C. § 3553(a) factors demonstrate that the government's recommended sentence, after a fast-track departure is applied, is sufficient but not greater than necessary.

### I. A 33-month prison sentence is justified under § 3553(a).

A bottom guidelines sentence of 33 months' imprisonment, if imposed, would be the defendant's most significant criminal justice sentence to date. Accordingly, that sentence is sufficient to promote the defendant's compliance with civil immigration laws and deter him from future reentry. *Id.* § 3553(a)(2)(A) and (B).

At its root, 8 U.S.C. § 1326 is a deterrence statute promulgated to enforce civil immigration regulation. *See e.g.*, *United States v. Hernandez-Baide*, 392 F.3d 1153, 1158 (10th Cir. 2004), overruled on other grounds by *Hernandez-Baide v. United States*, 544 U.S. 1015 (2005); *United States v. Hernandez-Guerro*, 147 F.3d 1075, 1078 (9th Cir. 1998). Here, the defendant has been previously removed from the United States four times, returning to the United States time-and-again in defiance of immigration orders. ECF 25, ¶ 19. He has previously served a 16-month prison sentence (21 months' additional after supervised release was revoked) on an illegal reentry conviction, which unfortunately did not serve to deter him from reentering the county and further demonstrates that this offense—a second offense with enhanced guidelines from the first—is serious. *Id.* ¶¶ 25, 43. 18 U.S.C. § 3553(a)(2)(A). In the context of the defendant's immigration history, 33 months is more than double his previous initial sentence for illegal reentry[1] and is thus sufficient to promote his respect for the law and deter further reentry while also acknowledging his timely acceptance of responsibility in this case. *Id.* §§

---

1   The defendant was not removed after his initial 16-month prison sentence. *See* ECF 25, ¶¶ 19, 43. Thus, his supervised release revocation was not due to a violation related to reentering the country. *See id.* ¶ 43. The government believes that the additional 21-month revocation sentence, while concerning, represents punishment independent of the defendant's underlying reentry in that case.

3553(a)(2)(A) and (B); *see also* ECF 24, ¶¶ 4-5 (the defendant's fast-track argument). The government appreciates probation's strong reasoning in support of its recommendation, ECF 25, R-3, but believes that 41-months', however, is greater than necessary to promote the goals of § 3553(a).

The government is concerned with the defendant's extensive criminal history while in the United States, and a bottom guidelines sentence, and nothing less, is also justified to deter the defendant from recidivism and protect the public per 18 U.S.C. §§ 3553(a)(2)(B) and (C). During his time in the United States, the defendant has incurred drug and weapon possession felonies, two domestic-violence convictions (including one assault), and several other misdemeanor and traffic convictions, all of which have surely impacted the community negatively. ECF 25, ¶¶ 35-44. Sadly, the defendant has resisted all opportunities at rehabilitative supervised sentences. *See id.*   ¶¶ 36, 39, 42, 43.

In fact, his conduct appears to be escalating. While acknowledging that the defendant is presumed innocent, the government cannot overlook, and urges the Court to similarly not ignore, the defendant's two pending state felony cases: the first for a violent domestic-violence assault involving both serious bodily injury and a deadly weapon, and the second involving a significant amount of methamphetamine and possibly a stolen firearm. *Id.* ¶¶ 49, 50; 18 U.S.C. § 3661 (no limitation on what information the Court can consider in imposing an appropriate sentence); *but see* ECF 24, ¶ 11 (the defendant's argument to afford "little to no weight" to pending cases). Furthermore, the defendant's pending DUI cases raise alarm in the context of his two prior convictions for the same, his weapon possession case in which he appears to have driven intoxicated, and his admitted

daily alcohol consumption. *Id.* ¶¶ 39, 42, 44, 51, 79. It is only a matter of time before the defendant's continued drinking and driving results in injury or death.[2] Reflecting upon this criminal history as a whole, the government reasons a bottom guidelines prison sentence serves to deter the defendant from other criminal conduct and also protect the public under 18 U.S.C. §§ 3553(a)(2)(B) and (C).

## II. Three years' supervised release should be imposed.

The government agrees with probation's reasoning and for a three-year supervised release term to promote deterrence and protect the public under 18 U.S.C. §§ 3583(c) and 3553(a)(2)(B) and (C). Importantly, a special condition should be imposed to monitor and enforce the defendant's presence outside of the United States given his strong ties here. *Id.* § 3583(d); ECF 25, ¶¶ 53-56, 60-63, 66; p. R-3.

## III. Conclusion.

The government requests that the Court impose a sentence of 33 months' imprisonment and three years' supervised release, a sentence sufficient,

//


//


//

---

2   National Highway Traffic Safety Administration, Drunk Driving Statistics, https://www.nhtsa.gov/risky-driving/drunk-driving (accessed December 12, 2022).

but not greater than necessary, to accomplish the goals set forth in 18 U.S.C. § 3553(a).

Dated this 3rd day of January, 2023.

    Respectfully submitted,

    COLE FINEGAN
    United States Attorney

    *s/ Albert Buchman*
    ALBERT BUCHMAN
    Assistant United States Attorney
    United States Attorney's Office
    1801 California Street, Suite 1600
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    E-mail: al.buchman@usdoj.gov
    Attorney for the Government

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*s/ Lauren Timm*
Lauren Timm
Legal Assistant
United States Attorney's Office